# Exhibit A
**(Plaintiff's Complaint)**

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.



COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

SHAELYNN KING

vs.

DREAMLINE VENTURES LLC D/B/A DREAMLINE

NO. 2021-05423

# CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: JARED S ZAFRAN, Esq., ID: 208269

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**    [ ] Yes    [X] No

**MDJ Appeal**    [ ] Yes    [X] No    **Money Damages Requested** [X]

**Commencement of Action:**    **Amount in Controversy:**

Complaint    More than $50,000

## Case Type and Code

Tort: _____

Product Liability

**Other:** _____

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA   19102
Phone: 215-587-0038
Attorney for Plaintiff

| | |
|---|---|
| BIANCA KING as P/N/G of SHAELYNN KING, a minor 81 Bannister Manor SE Calgary, AB T2X2K7 | BUCKS COUNTY COURT OF COMMON PLEAS SEPTEMBER TERM, 2021 NO.: |
| vs. | |
| DREAMLINE VENTURES, LLC d/b/a DREAMLINE 75 Hawk Road Warminster, PA 18974 and JOHN DOE(S) 1-3, used herein to designate one or more unknown parties to this incident *Defendants* | MAJOR CASE |

## CIVIL ACTION COMPLAINT – PRODUCTS LIABILITY

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Bucks County Bar Association
Lawyer Referral and Information Service
135 E. State Street
Doylestown, PA 18901
(888) 991-9222

### AVISO

Le han demandado a usted en la corte. Si usted guiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pued decidir a favor del demandante y require qu usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derchos importantes para usted.

Illeve esta demanda a un abogado immediatament. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio, vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociación De Licenciados De Bucks County
Servicio de Referencia E Información Legal
135 E. State Street
Doylestown, PA 18901
(888) 991-9222

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA  19102
Phone: 215-587-0038
Attorney for Plaintiff

| | |
|---|---|
| BIANCA KING as P/N/G of<br>SHAELYNN KING, a minor<br>81 Bannister Manor SE<br>Calgary, AB T2X2K7<br><br>vs.<br><br>DREAMLINE VENTURES, LLC d/b/a<br>DREAM LINE<br>75 Hawk Road<br>Warminster, PA 18974<br>      and<br>JOHN DOE(S) 1-3, used herein to designate one or more unknown parties to this incident:<br>                    *Defendants* | BUCKS COUNTY<br>COURT OF COMMON PLEAS<br><br>SEPTEMBER TERM, 2021<br>NO.:<br><br><br>MAJOR CASE |

## CIVIL ACTION COMPLAINT – PRODUCTS LIABILITY

1. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, is an adult individual currently residing at the above-captioned address.

2. Defendant, Dreamline Ventures, LLC d/b/a DreamLine (hereinafter "DreamLine"), is a domestic corporation that can be served at the above-captioned address, and designs, manufactures, and installs shower doors for the hospitality industry throughout the country, including within the Commonwealth of Pennsylvania.

3. Defendant, John Doe(s) 1-3, are fictitious designations intended to represent individuals and/or entities currently unknown to Plaintiff who may be responsible for Plaintiff's injuries.

4. In accordance with Pennsylvania Rule of Civil Procedure 2005, Plaintiff has

conducted a reasonable search to identify all potential parties to the subject incident.

5. The shower door and its component parts were designed, manufactured, marketed, warranted, advertised, and installed by Defendant, DreamLine.

6. In the alternative, the shower door and its component parts were designed, manufactured, marketed, warranted, advertised and installed by Defendant, John Doe(s) 1-3.

7. Upon information and belief, the design, development, testing, marketing, assembling, installation and drafting of warnings for the shower door were completed and/or overseen by Defendant, DreamLine.

8. In the alternative, upon information and belief, the design, development, testing, marketing, assembling, installation and drafting of warnings for the shower door were completed and/or overseen by Defendant, John Doe(s) 1-3.

9. On July 22, 2020, Minor Plaintiff, Shaelynn King, was using a shower with a door designed, manufactured, tested and installed by Defendant, DreamLine.

10. In the alternative, at the aforementioned time and place, Minor Plaintiff, Shaelynn King, was using a shower with a door designed, manufactured, tested and installed by Defendant, John Doe(s) 1-3.

11. At the aforementioned time, place, and location, the shower door suddenly and without warning shattered, causing severe injuries to Minor Plaintiff, Shaelynn King.

12. As a result, Minor Plaintiff, Shaelynn King, sustained injuries which may be serious or permanent, including but not limited multiple lacerations of the legs and arms requiring stitches, and severe mental distress, as well as other ills and injuries.

13. As a result of these injuries, Minor Plaintiff, Shaelynn King, was and may in the future be required to undergo various medical procedures and treatment, including surgery.

14. This incident resulted solely from the carelessness and/or negligence of Defendants, DreamLine, and John Doe(s) 1-3, and was due in no manner whatsoever to any act or omission on behalf of the Plaintiff.

COUNT I – STRICT LIABILITY
<u>BIANCA KING as P/N/G of SHAELYNN KING vs DREAMLINE</u>

15. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

16. Defendant, DreamLine, is strictly liable for the injury and damages suffered by Minor Plaintiff, Shaelynn King, pursuant to the Restatement of Torts (Second) § 402A as adopted by and interpreted under Pennsylvania Law.

17. Defendant, DreamLine, either individually or by and through their respective employees, agents, servants, subsidiaries and/or companies, corporations and/or businesses, at all times material, was engaged in the design, manufacturing, assembly, distribution, marketing, advertisement, wholesale and sale of shower doors, including the shower door which shattered and caused Plaintiff's injuries.

18. The shower door and its component parts, which were designed, manufactured, assembled, distributed, marketed, advertised and sold by Defendant, DreamLine, was defective and unreasonably dangerous to the end-consumer, Minor Plaintiff, Shaelynn King.

19. Defendant, DreamLine, is strictly liability to Minor Plaintiff for injuries and damages suffered pursuant to the Restatement of Torts (Second) § 402A as adopted by and interpreted under Pennsylvania law.

20. The shower door and its component parts were expected to and did reach the consuming public in general, and Minor Plaintiff in particular, without substantial change in the

condition in which they were sold and installed by Defendant, DreamLine.

21. The shower door malfunctioned while under normal and anticipated use by the Minor Plaintiff, Shaelynn King.

22. The Minor Plaintiff, Shaelynn King, used the shower door in accordance with warnings and instructions provided by Defendant, DreamLine.

23. The defective shower door caused Minor Plaintiff, Shaelynn King, great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

24. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid defective product and will otherwise incur various expenditures for the injuries she has suffered.

25. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

26. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

27. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

COUNT II – NEGLIGENCE
BIANCA KING as P/N/G of SHAELYNN KING vs DREAMLINE

28. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King,

incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

29. The negligence of Defendant, DreamLine, and their agents, servants and/or employees consisted of the following:

    a. Negligent design of the shower door and its component parts;

    b. Negligent manufacture of the shower door and its component parts;

    c. Negligent failure to adequately design, manufacture, test, assemble and/or inspect the shower door and its component parts;

    d. Negligent failure to adequately and safely install the shower door and its component parts;

    e. Negligent failure to recall the shower door when design and/or manufacturing defects were or should have been discovered by the Defendants; and

    f. Negligent failure to warn the Plaintiff that the shower door was defective.

30. The negligence of Defendant caused Minor Plaintiff, Shaelynn King, great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

31. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries she has suffered.

32. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: JARED S ZAFRAN, Esq.

treatment required due to the defective shower door.

33. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

34. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

### COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### BIANCA KING as P/N/G of SHAELYNN KING vs DREAMLINE

35. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

36. Defendant, DreamLine, was the designer, manufacturer, assembler, distributor, wholesaler and/or seller of the subject shower door and its component parts and was the regular manufacturer, supplier, assembler, distributor and/or seller of such shower doors.

37. Defendant, DreamLine, was a merchant with respect to the sale of the subject shower door and its component parts and dealt in goods of the kind involved in the transaction for the sale of the shower door.

38. Defendant, DreamLine, held themselves out to the public in general, and Plaintiff in particular, as having knowledge and skill related to the sale of the subject shower door and its component parts.

39. An implied warranty of merchantability was established in the sale of the subject shower door which was breached, in that the shower door and its component parts were not fit for the ordinary purpose for which such goods are used.

40. Defendant, DreamLine, is liable to Minor Plaintiff for injuries and damages

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

described herein for breach of implied warranty of merchantability pursuant to 13 Pa. C. S. A. § 2314 and Pennsylvania Law.

41. Defendant, DreamLine, is liable to Minor Plaintiff for injuries and damages described herein for breach of implied warranty of merchantability pursuant to 13 Pa. C. S. A. § 2315 and Pennsylvania Law.

42. There were no exclusions or modifications of warranties pursuant to 13 Pa. C. S. A. § 2316 and Pennsylvania Law.

43. The breach of warranty of Defendant caused Minor Plaintiff, Shaelynn King, great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

44. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries she has suffered.

45. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

46. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

47. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning

capacity.

COUNT IV – VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW
<u>BIANCA KING as P/N/G of SHAELYNN KING vs DREAMLINE</u>

48. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

49. The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCL"), 73 Pa. Cons. Stat. § 201-1, et seq., protects consumers from fraud and unfair or deceptive business practices.

50. Under the UTPCPL, representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have is unlawful.

51. Defendant, DreamLine, warranted and represented that the shower door was safe and free of defects in materials and workmanship.

52. Defendant's warranty and representations that the shower door was safe and free from defects influenced the premises to purchase the shower door from Defendant, DreamLine.

53. Defendant's failure to warn of the defect was a material omission that influenced the premises to purchase the shower door from Defendant, DreamLine.

54. Minor Plaintiff relied on the truth of Defendant's warranties and representations concerning the shower door and suffered damages as result of this reliance.

55. Had the premises been adequately warned concerning the likelihood that the shower door would explode and shatter, causing injury, it would have taken steps to avoid damages by not purchasing this product.

56. As a direct and proximate result of Defendant's unfair and deceptive acts or

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

practices alleged herein, Minor Plaintiff, Shaelynn King, has experienced great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

57. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has and may in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries he has suffered.

58. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

59. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

60. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

## COUNT V – STRICT LAIBILITY
### BIANCA KING as P/N/G of SHAELYNN KING vs JOHN DOE(S) 1-3

61. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

62. Defendant, John Doe(s) 1-3, is strictly liable for the injury and damages suffered

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

by Minor Plaintiff, Shaelynn King, pursuant to the Restatement of Torts (Second) § 402A as adopted by and interpreted under Pennsylvania Law.

63. Defendant, John Doe(s) 1-3, either individually or by and through their respective employees, agents, servants, subsidiaries and/or companies, corporations and/or businesses, at all times material, was engaged in the design, manufacturing, assembly, distribution, marketing, advertisement, installation, wholesale and sale of shower doors and their component parts, including the shower door that caused Minor Plaintiff's injuries.

64. The shower door and its component parts, which were designed, manufactured, assembled, distributed, marketed, advertised, installed, and sold by Defendant, John Doe(s) 1-3, was defective and unreasonably dangerous to the end-consumer, Minor Plaintiff, Shaelynn King.

65. Defendant, John Doe(s) 1-3, is strictly liability to Minor Plaintiff for injuries and damages suffered pursuant to the Restatement of Torts (Second) § 402A as adopted by and interpreted under Pennsylvania law.

66. The shower door and its component parts were expected to and did reach the consuming public in general, and Minor Plaintiff in particular, without substantial change in the condition in which they were sold by Defendant, John Doe(s) 1-3.

67. The shower door malfunctioned while under normal and anticipated use by the Minor Plaintiff, Shaelynn King.

68. The Minor Plaintiff, Shaelynn King, used the shower door in accordance with warnings and instructions provided by Defendant, John Doe(s) 1-3.

69. The defective shower door caused Minor Plaintiff, Shaelynn King, great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic

harms and damages cognizable under Pennsylvania Law.

70. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid defective product and will otherwise incur various expenditures for the injuries she has suffered.

71. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

72. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

73. Due to the defective shower door, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

COUNT VI – NEGLIGENCE
BIANCA KING as P/N/G of SHAELYNN KING vs JOHN DOE(S) 1-3

74. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

75. The negligence of Defendant, John Doe(s) 1-3, and their agents, servants and/or employees consisted of the following:

    a. Negligent design of the shower door and its component parts;

    b. Negligent manufacture of the shower door and its component parts;

    c. Negligent failure to adequately design, manufacture, test, assemble and/or inspect the shower door and its component parts;

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

    d.   Negligent failure to adequately and safely install the shower door and its component parts;

    e.   Negligent failure to recall the shower door when design and/or manufacturing defects were or should have been discovered by the Defendants; and

    f.   Negligent failure to warn the Plaintiff that the shower door was defective.

76. The negligence of Defendant caused Minor Plaintiff, Shaelynn King, great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

77. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries she has suffered.

78. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

79. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

80. As a further result of Defendant's negligence, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

COUNT VII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
<u>BIANCA KING as P/N/G of SHAELYNN KING vs JOHN DOE(S) 1-3</u>

81. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King,

incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

82. Defendant, John Doe(s) 1-3, was the designer, manufacturer, assembler, distributor, wholesaler and/or seller of the subject shower door and its component parts and was the regular manufacturer, supplier, assembler, distributor and/or seller of such shower doors.

83. Defendant, John Doe(s) 1-3, was a merchant with respect to the sale of the subject shower door and its component parts and dealt in goods of the kind involved in the transaction for the sale of the shower door.

84. Defendant, John Doe(s) 1-3, held themselves out to the public in general, and Plaintiff in particular, as having knowledge and skill related to the sale of the subject shower door and its component parts.

85. An implied warranty of merchantability was established in the sale of the subject shower door which was breached, in that the shower door and its component parts were not fit for the ordinary purpose for which such goods are used.

86. Defendant, John Doe(s) 1-3, is liable to Minor Plaintiff for injuries and damages described herein for breach of implied warranty of merchantability pursuant to 13 Pa. C. S. A. § 2314 and Pennsylvania Law.

87. Defendant, John Doe(s) 1-3, is liable to Minor Plaintiff for injuries and damages described herein for breach of implied warranty of merchantability pursuant to 13 Pa. C. S. A. § 2315 and Pennsylvania Law.

88. There were no exclusions or modifications of warranties pursuant to 13 Pa. C. S. A. § 2316 and Pennsylvania Law.

89. The breach of warranty of Defendant caused Minor Plaintiff, Shaelynn King, great

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

90. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries she has suffered.

91. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

92. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

93. As a further result of Defendant's breach of warranty, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

COUNT VIII – VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW
<u>BIANCA KING as P/N/G of SHAELYNN KING vs JOHN DOE(S) 1-3</u>

94. Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

95. The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCL"), 73 Pa. Cons. Stat. § 201-1, et seq., protects consumers from fraud and unfair or

deceptive business practices.

96. Under the UTPCPL, representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have is unlawful.

97. Defendant, John Doe(s) 1-3, warranted and represented that the shower door was safe and free of defects in materials and workmanship.

98. Defendant's warranty and representations that the shower door was safe and free from defects influenced the premises to purchase the shower door from Defendant, John Doe(s) 1-3.

99. Defendant's failure to warn of the defect was a material omission that influenced the premises to purchase the shower door from Defendant, John Doe(s) 1-3.

100. Minor Plaintiff relied on the truth of Defendant's warranties and representations concerning the shower door and suffered damages as result of this reliance.

101. Had the premises been adequately warned concerning the likelihood that the shower door would explode and shatter, causing injury, it would have taken steps to avoid damages by not purchasing this product.

102. As a direct and proximate result of Defendant's unfair and deceptive acts or practices alleged herein, Minor Plaintiff, Shaelynn King, has experienced great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

103. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has and may in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: JARED S ZAFRAN, Esq.

and will otherwise incur various expenditures for the injuries he has suffered.

104. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective shower door.

105. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

106. As a further result of Defendant's unfair and deceptive acts or practices, Minor Plaintiff, Shaelynn King, has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

**WHEREFORE**, Parent and Natural Guardian of Minor Plaintiff, Shaelynn King, Bianca King, demands damages of Defendants, DreamLine and John Doe(s) 1-3, in a sum greater than $50,000.00, plus interest and other relief which the Court may deem appropriate.

                THE LAW OFFICE OF JARED S. ZAFRAN, LLC

                BY:    *Jared S. Zafran*
                        JARED S. ZAFRAN, ESQUIRE
                        *Attorney for Plaintiff*

Case# 2021-05423-0 - JUDGE:26 Received at County of Bucks Prothonotary on 10/14/2021 2:25 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: JARED S ZAFRAN, Esq.

## VERIFICATION

Jared S. Zafran, Esquire hereby deposes and swears that he is the Attorney for the Plaintiff in this action, and that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**

*/s/ Jared S. Zafran, Esq.*
JARED S. ZAFRAN, ESQUIRE
Attorney for Plaintiff